UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL ANTHONY ALEXANDER, SR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00179-JPH-DLP |
| | ) |
| CHRIS WILLIAMS, | ) |
| LIEBEL, | ) |
| BRIAN SMITH, | ) |
| I. RANDOLPH, | ) |
| | ) |
| Defendants. | ) |

**ENTRY SCREENING COMPLAINT AND DIRECTING SERVICE OF PROCESS**

The plaintiff, Michael Alexander, is currently an inmate at Putnamville Correctional Facility. Because Mr. Alexander is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Alexander are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

1

## II. The Complaint

Mr. Alexander names the following defendants in his complaint: (1) Chris Williams; (2) Mr. Liebel; (3) Brian Smith; and (4) Mr. I. Randolph. Dkt. 1. Mr. Alexander states that he was transferred to Putnamville Correctional Facility ("PCF") from Heritage Trail Correctional Facility on December 2, 2019. *Id.* at 2. Mr. Alexander alleges that at Heritage Trail he was "approved the right to exercise [his] religious bel[ief]s of Christianity . . . [and] was approved to receive a special diet (vegan/vegetarian) while in IDOC custody." *Id.*

Mr. Alexander alleges that PCF staff instructed him to submit a request for an application for approval of the special diet, and he states that while he received and completed the application, he never received a reply. *Id.* at 3. Mr. Alexander alleges that he then began the grievance process to address his deprivation of this special diet and being denied the right to practice his Christian religious beliefs. *Id.* Mr. Alexander alleges that Chris Williams denied his initial grievances and directed him to appeal that decision if he did not agree, Mr. I. Randolph denied his appeal, and Warden Brian Smith "stated that he also could not provide any relief." *Id.* Mr. Alexander alleges that on February 13, 2020, Chris Williams told him he had to wait 60 days for a response from Mr. Liebel and a committee at the Central Office. *Id.* On February 18, 2020, Mr. Alexander states he sent Chris Williams a request for grievance because the 60-day waiting period had expired with no response. *Id.* Mr. Alexander alleges that on February 19, 2020, Chris Williams told him that his appeal was signed and sent to the Central Office who had ten days to reply. *Id.* Mr. Alexander alleges that as of March 23, 2020, he has not received any response from Mr. Liebel or approval to receive a special diet. *Id.* at 4.

Mr. Alexander filed his complaint on April 2, 2020. Mr. Alexander seeks monetary damages and injunctive relief in receiving approval of a special diet in accordance with his religious beliefs. *Id.* at 5.

### III. Discussion of Claims

The Free Exercise Clause of the First Amendment prohibits the government from imposing a "substantial burden" on a "central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). Mr. Alexander alleges that he was unable to exercise his religious beliefs because the defendants denied him a special vegan/vegetarian diet—that had been previously approved by his former facility. Dkt. 1. Mr. Alexander's **First Amendment claims against the defendants shall proceed.**

Additionally, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.*, confers greater religious rights on inmates than the Free Exercise Clause has been interpreted to do. *See* 42 U.S.C. § 2000cc-1; *Cutter v. Wilkinson*, 544 U.S. 709, 714-17 (2005). Although Mr. Alexander does not mention RLUIPA, he is proceeding pro se and in such cases the Court interprets the First Amendment claim to include the statutory claim. *Ortiz v. Downey*, 561 F.3d 664, 670 (7th Cir. 2009). Thus, Mr. Alexander's **RLUIPA claims against the defendants shall proceed.**

### IV. Issuance of Service

The **clerk is directed** to issue process to defendants (1) Chris Williams; (2) Mr. Liebel; (3) Brian Smith; and (4) Mr. I. Randolph, in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk is directed** to serve the IDOC employees electronically.

## V. Conclusion

The claims identified in Part III include all the viable claims identified by the Court. If Mr. Alexander believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through September 30, 2020**, to identify those claims.

The **clerk is directed** to issue service of process to the defendants in the manner specified in Part IV.

**SO ORDERED.**

Date: 9/1/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MICHAEL ANTHONY ALEXANDER, SR
272628
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Electronic service to Indiana Department of Correction:

Chris Williams
Brian Smith
Mr. I. Randolph

Mr. Liebel (IDOC Central Office)